IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TERRY IVY                                                                                    PLAINTIFF

v.                                              NO. 18-5204

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Terry Ivy, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). The Defendant filed an Answer to Plaintiff's action on February 15, 2019, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. 12).

On May 8, 2019, the Commissioner, having changed positions, filed an unopposed motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. 18).

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the

1

pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, the Court finds remand for the purpose of the ALJ to further evaluate the evidence appropriate.

Based on the foregoing, the undersigned recommends granting the Commissioner's unopposed motion to reverse the decision of the ALJ and remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of May 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE